### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DU PAGE UPHOLSTERY, INC., and ) <br> JOSEPH RAMOS d/b/a DU PAGE ) <br> UPHOLSTERY, as individuals and ) <br> on behalf of a class, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SMART MORTGAGE CENTERS, INC., ) <br> and JOHN DOES 1-10, ) <br> ) <br> Defendants. ) | 08 C 165 <br><br> Judge Gettleman <br> Magistrate Judge Cole |

## JOINT STATUS REPORT

Plaintiffs Du Page Upholstery, Inc. and Joseph Ramos d/b/a Du Page Upholstery represented by Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC and Defendant Smart Mortgage Centers, Inc. represented by Daniel M. Nelson of Nelson Law Offices, P.C. did hereby meet and confer for the purposes of preparing the following joint report of the parties.

A. This matter is set for an initial status on March 27, 2008 at 9:00 a.m.

B. Plaintiffs Du Page Upholstery, Inc. and Joseph Ramos d/b/a Du Page Upholstery are represented by Edelman, Combs, Latturner & Goodwin, LLC. Mr. Daniel A. Edelman will try the case. Defendant Smart Mortgage Centers, Inc. is represented by Daniel M. Nelson of Nelson Law Offices, P.C. Mr. Daniel M. Nelson will try the case.

C. Plaintiffs submit that this Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). Defendant has denied plaintiffs' jurisdiction allegation in its answer to the complaint.

    D. Plaintiffs and Defendant have not filed a jury demand.

    E. Plaintiffs complain that Smart Mortgage Centers, Inc., sent them and other persons and entities with Illinois fax numbers unsolicited facsimile advertisements in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law of conversion.  Plaintiffs complain that during the past four years, Du Page Upholstery received the unsolicited fax advertisement attached as <u>Exhibit A</u> to their complaint on its facsimile machine from defendant.  Plaintiffs did not consent to receiving the facsimile advertisement and did not have a prior business relationship with defendant.

    F. Plaintiffs seek $500 per facsimile transmission, up to $1,500 if the violation is found willful, in statutory damages for themselves and each class member pursuant the TCPA.  Plaintiffs also seek actual damages, injunctive relief and costs of suit.  Pursuant to plaintiffs' ICFA count, plaintiffs seek individually and on behalf of the putative class actual damages, injunctive relief and attorney's fees and costs.  Finally, plaintiffs seek actual damages, injunctive relief and costs of suit, individually and on behalf of the putative class for their conversion claim.

    G. Defendant Smart Mortgage, Inc. has been served and filed its answer on February 4, 2008.  Plaintiffs have named several "John Doe" defendants who allegedly were involved in the sending of the facsimile advertisements.  These persons will be added to this action as they become available through discovery and as the Court permits.

    H. There do not appear to plaintiffs to be any legal issues that have not yet been decided by other courts.  Plaintiffs submit that class certification has been granted in

several TCPA cases. *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006) (granting class certification in TCPA case); *Kavu, Inc. v. Omnipak Corporation*, 2007 U.S. Dist. LEXIS 5207 (W.D. Wash. Jan. 23, 2007) (same); *Gene & Gene, LLC v. Biopay, LLC*, 2006 U.S. Dist. LEXIS 95082 (M.D. La. Dec. 20, 2006); and *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cir. Ct. Cook Cty.) (same). Defendant will oppose class certification and rely on *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, 2007 U.S. Dist. LEXIS 91512 (N.D. Ill. Dec. 13, 2007); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404 (E.D. Penn. 1995) (denying class certification); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162, 1169-70 (S.D. Ind. 1997) (same).

  I. Plaintiffs believe factual issues exist as to the number and identities of the class members.  Defendant believes factual issues involve consent to receive faxes, preexisting business relationship and the identities of the class members.

  J. Plaintiffs anticipate a motion for class certification and a motion for summary judgment.  Defendant anticipates objecting to class certification and filing a motion for summary judgment.

  K. Plaintiffs will need discovery from defendant, and possibly third parties, regarding to whom and when the junk faxes were sent.  Plaintiffs need sufficient time in discovery to determine whether any parties need to be added, to add such parties, and to take discovery from them, if necessary.  Plaintiffs may need to hire an expert to determine the manner of faxing and the identities or fax numbers of fax recipients.  Defendant will need discovery from Plaintiffs and possibly third parties regarding their existing business relationships, prior facsimile relationships, claimed actual damages and class representation issues.

  The parties submit the following proposed discovery plan:

- Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be made by March 21, 2008. All discovery to be commenced in time to be completed by February 24, 2009.

- The parties expect they will need approximately 10 depositions.

- Reports from retained experts under Rule 26(a)(2) due:

    from plaintiff by March 31, 2009.

    from defendant by May 12, 2009.

    rebuttal experts by June 9, 2009.

- Parties should be allowed until September 30, 2009 to join additional parties and to amend the pleadings.

- All potentially dispositive motions should be filed by July 15, 2009.

- The parties request a final pretrial conference to be set by this court in accordance with Fed. R. Civ. P. 16 and Local Rule 16.2.

L.  The case should be ready for trial by November, 2009. Plaintiff, at this time, expects that a trial will take approximately 2 days.

M.  On February 14, 2008, plaintiffs' counsel sent defendant's counsel a letter to identify and investigate any opportunities for early resolution of this case. The parties have been working together in an attempt to determine if settlement is possible and may benefit from a settlement conference after all pertinent information has been exchanged.

N.  The parties do not unanimously consent to trial before the Magistrate Judge.

Respectfully submitted,

*Heather Kolbus*

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

Daniel M. Nelson
Nelson Law Offices, P.C.
129 W. Willow Avenue
Wheaton, IL 60187
(630) 668-3131
(630) 668-8295 (FAX)

5